IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID ALLEN MORGAN,

    Petitioner,

v.

CHRISTINE MONEY, Warden,

    Respondent.

Case No. 2:05-cv-196
JUDGE SARGUS
Magistrate Judge ABEL

## OPINION AND ORDER

On June 6, 2005, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases, recommending that the instant action be dismissed as untimely. Petitioner has objected to the Magistrate Judge's *Report and Recommendation*.

Petitioner states that, on December 30, 2003, he filed in the trial court a motion to dismiss the indictment which motion the trial court apparently has never ruled on. *See Objections*; *Exhibits* to Petition. Nonetheless, as noted by the Magistrate Judge, petitioner's convictions became final ninety days after the Ohio Supreme Court's 1988 dismissal of his appeal. Prior to the filing of his December 30, 2003, motion to dismiss, all of petitioner's post conviction actions were concluded in 1997.[1] The instant action was not filed until March 4, 2005.[2] Petitioner's December 30, 2003, filing does not affect the running of the statute of limitations in this case, since such action was filed

---

[1] Where petitioner's conviction became final prior to the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), he had until April 24, 1997 to file his federal habeas corpus petition. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002), citing *Brown v. O'Dea*, 530 U.S. 1257 (2000).

[2] Petitioner signed the petition on January 21, 2005.

long after the statute of limitations had already expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003), quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *Ahart v. Bradshaw*, 122 Fed.Appx. 188, unpublished, 2005 WL 95798 (6th Cir. January 18, 2005)(same).

In his objections, petitioner also refers to the United States Supreme Court's recent decisions in *Blakely v. Washington*, -- U.S. --, 124 S.Ct. 2531 (2004), and *United States v. Booker*, -- U.S. --, 125 S.Ct. 738 (2005); however, no claim under these decisions is presented for federal habeas corpus review, and it does not appear that any such claim has ever been presented to the state courts. Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to. Based upon the foregoing, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**.

The *Report and Recommendation* is hereby **ADOPTED AND AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter final judgment dismissing this case.

**IT IS SO ORDERED.**

7-5-2005
EDMUND A. SARGUS, JR.
United States District Judge

2